WILDER v. WALKER.

No. 34821.    Nov. 12, 1952.

*250 P. 2d 442.*

412

L. B. Clay, Hobart, for plaintiff in error.

Tolbert & Gillespie, Hobart, for defendant in error.

WELCH, J. R. M. Walker sued George A. Wilder for a certain sum of money, with interest thereon, allegedly due the plaintiff as a result of his performance of a real estate broker's contract with the defendant.

The plaintiff alleged that he had entered into an oral contract with the defendant whereby the defendant employed the plaintiff as a real estate broker to find a purchaser for certain real estate belonging to the defendant at a price of $22,000, and whereby it was agreed that the defendant would pay the plaintiff, as his compensation for finding him a buyer for said real estate, a commission of 5% of said sale price, or the sum of $1,100; that plaintiff had found and furnished to defendant a purchaser with whom the defendant immediately thereafter closed a sale for the sum of $22,000 and that the defendant has refused to pay the plaintiff for his services rendered as aforesaid. Plaintiff alleged that he had made due compliance with the Intangible Tax Law of the state.

The defendant for answer to the plaintiff's petition denied generally the allegations therein contained, and specifically denied that the plaintiff had at any time acted as agent of the defendant, and alleged that any interest the plaintiff might have had in the matter of a sale of defendant's realty was abandoned by plaintiff at a time prior to the sale of the said realty.

At the trial of the case the plaintiff adduced testimony to the effect that he was a real estate broker and had been in such real estate business for a long number of years, when the defendant listed a certain 200-acre farm with him for sale at a price of $27,000. At the time of the said listing the plaintiff advised the defendant that his charges for selling farms was 5% of the selling price. Later on, the defendant listed another farm for sale with the plaintiff and fixed the selling price of that farm at $22,000. Thereafter the plaintiff sent one of the employees in his office to show the latter listed farm to a Mr. Judy, a prospect. On their return from the farm Mr. Judy expressed a desire and readiness to purchase the farm at a price of $22,000, the price quoted to him by the plaintiff. The plaintiff communicated the offer to the defendant and was told by the defendant that he would not sell for $22,000 and pay a commission out of such purchase price, whereupon, the plaintiff called Mr. Judy on the telephone and told Mr. Judy that the defendant would not sell for $22,000 and pay a commission on the deal, and that the deal was off. A few days later the defendant and Mr. Judy met in the office of the plaintiff, where Judy offered to purchase the farm for $22,000, and pay one-half of the real estate broker's commission on the transaction, whereupon the defendant stated that he would not pay anything and left the plaintiff's premises. In a few days thereafter the plaintiff learned that the defendant had sold the farm to Judy for a consideration of $22,000. The defendant has refused to pay the plaintiff any sum for the plaintiff's services in connection with the sale transaction.

The only witness called in behalf of the defendant was the defendant. He gave testimony to the effect that he listed two farms for sale with the plaintiff, one at a price of $25,000, and one at a price of $22,000, and at the time told the plaintiff that such were defendant's net prices, and that if the plaintiff procured a buyer of the farms, or either of them, the plaintiff was to get his commission from the buyer. That in their conversation at the time the plaintiff told the defendant that his commis-

sion for selling farms was 5% of the selling price up to $10,000, and 2% of the selling price as exceeded $10,000. Thereafter an employee of the plaintiff and a Mr. Judy came and looked at the latter priced farm. The following morning the plaintiff called the defendant on the telephone and told the defendant that Judy was going to buy the place. The plaintiff inquired about a commission on the sale, whereupon the defendant told the plaintiff that his price was $22,000, and no commission would be paid by the defendant. Later, the defendant and Judy met at the office of the plaintiff where the defendant told the plaintiff again that he would not sell the farm for any less than $22,000 and could not afford to pay a commission out of that amount. The parties argued about the matter for a while, whereupon the plaintiff stated: "Well, we will have to call the deal off," and Judy left the office. Thereafter the defendant and Judy met at another place and entered into a transaction whereby the defendant transferred the farm to Judy and for a consideration of $22,000.

The defendant admitted that it was from the plaintiff that he first learned of Mr. Judy as a prospective purchaser of the farm.

Verdict was for the plaintiff and for the sum of $825. Judgment was entered for the plaintiff and against the defendant for that amount.

In appeal the defendant contends the court erred in overruling the defendant's demurrer to the plaintiff's evidence and in overruling the defendant's motion for an instructed verdict, and further that the verdict is contrary to the evidence.

In argument it is asserted by the defendant that the evidence of the plaintiff failed to show any agreement between the plaintiff and the defendant for the sale of the particular farm involved by the plaintiff for a commission of 5% of the sale price; that the evidence shows that prior to the time a

sale of the place was made the plaintiff had abandoned or withdrawn any interest he had in such transaction, and further that the evidence of the plaintiff shows that during the plaintiff's negotiations for sale of the place the plaintiff was acting as the agent of the prospective purchaser, Mr. Judy.

To support the last mentioned assertion reference is made to the testimony of the plaintiff given on cross-examination wherein the plaintiff was asked if Judy was his prospect and principal, and the plaintiff answered yes. We note in further testimony of the plaintiff it was fully explained that Judy was at all times but a prospect of the plaintiff for the purchase of farm land. On cross-examination the plaintiff testified that he assisted Judy in securing a loan on the farm after Judy's purchase of the farm. An objection was sustained to a question put to the plaintiff as to whether or not the plaintiff received a commission on the loan transaction. The objection was properly sustained. We find no evidence to show any connection between the loan transaction and the plaintiff's efforts to make the sale of the farm.

In these two instances in the testimony of the plaintiff, which the defendant has referred to in his argument, we find no evidence of a contract of agency existing between the plaintiff and Judy at the time of the plaintiff's efforts to make a sale of the defendant's property, and on examination of the whole record we find no evidence of such an agency existing as contended by the defendant.

In argument that the evidence shows that the plaintiff abandoned efforts to make a sale of the defendant's property to Judy, the defendant refers to testimony of the plaintiff to the effect that he called Judy at a particular time and told him that the defendant wouldn't pay a commission on the deal and that the deal was off. Also, the defendant testified that the plaintiff, in his presence, stated to Judy the deal is

off, after a reference to the defendant's refusal to pay the plaintiff a commission.

According to testimony the plaintiff secured from Judy an offer to purchase the defendant's farm at a price proposed to the plaintiff broker by the defendant. The plaintiff then communicated the offer to the defendant, and within a few days thereafter the defendant and Judy concluded a contract whereby Judy purchased the farm from the defendant at the price first stated to him by the plaintiff. These expressions of the plaintiff above referred to were both made after the plaintiff had secured the offer from Judy and had communicated the same to the defendant. Obviously, these expressions of the plaintiff were without effect upon Judy and the defendant in the conclusion of a contract of purchase and sale of the land. The expressions of the plaintiff but reflect an argument between the plaintiff and defendant which at most was the occasion of some delay in the sale transaction. These expressions of the plaintiff, in effect, appear as no more than declarations of the plaintiff of his claim to a commission from the defendant.

In 8 Am. Jur. Brokers, §141, we note these expressions:

"It is a rule of universal recognition that the principal must act in good faith toward the broker, and in event of his failure to do so the broker will not be deprived of his commission solely by reason of his employer's breach of duty. If the broker performs his part of the contract by doing all that he is required to do and is prevented from or deprived of the opportunity of consummating the sale by the act of the principal he is still entitled to his commission. * * * After a broker has rendered services which make him the procuring cause of a sale which is at the point of being effected, the owner cannot escape liability by telling him that no commission will be paid in case the property brings but a certain price."

The defendant, in assertion that the evidence of the plaintiff failed to show any agreement between the plaintiff and the defendant about a 5% commission on the sale of the particular farm involved, directs attention to plaintiff's testimony to the effect that at the time of the listing of said farm for sale there was no discussion of commission between the plaintiff and the defendant.

The record reflects testimony by the plaintiff to the effect that the defendant first came to the plaintiff and listed a certain other farm for sale and on inquiry at the time the defendant was advised by the plaintiff that his charges for selling farms was 5% of the selling price; that thereafter the defendant listed the particular farm here involved and at such time nothing was said by either of the parties in reference to commission or charges for selling the farm.

Under all of the plaintiff's testimony, admitted as true by the defendant's demurrer, the implication is clear, that with the listing of the particular farm here involved for sale the defendant accepted the plaintiff's commission terms which had theretofore been made known to the defendant.

Where a landowner employs a real estate broker to sell his land and the broker furnishes a purchaser ready, willing, and able to buy upon the terms and conditions proposed by the seller, such agent has earned his commission. Equitable Life Assurance Society v. Home, 184 Okla. 542, 88 P. 2d 887, and cases therein cited.

In the plaintiff's evidence a right to a recovery against the defendant was shown. The evidence is sufficient to support the verdict and judgment.

The defendant contends the court committed error in its instructions to the jury, in that the court failed to submit the theories of the defense as they were presented in pleadings and supporting evidence; that the court erred in refusing to give requested instructions submitting said theories of the defense as had evidentiary support.

In argument of error in the instructions the defendant asserts there was evidence to show that there was no contract between the plaintiff and the defendant; that if there was a contract it was for the sale of the property at $22,000 net to the defendant; that re-regardless of whether a contract existed, the plaintiff acted as agent of the purchaser in his negotiations for sale of the property; that the plaintiff abandoned any contract he had with the defendant and any effort to make a sale thereunder before the property was sold.

In the instructions given by the court the claims of the parties, as set forth in their pleadings, are fairly stated. The jury was advised that the burden of proof was upon the plaintiff to establish his asserted contract of employment and his compliance therewith; that unless the plaintiff by a fair preponderance of the evidence has proved all the material allegations of his petition, verdict should be for the defendant.

We have above noted the testimony of the parties. The testimony on behalf of the plaintiff was of an effect to show a particular agreement between the parties and a compliance therewith by the plaintiff. The testimony of the defendant was of the effect to deny such particular agreement and compliance, by way of asserting a different agreement and failure to comply with said different agreement. We find no evidence to support the defendant's assertions of an agency existing between the plaintiff and the purchaser, or that the plaintiff abandoned his asserted contract. We are of the opinion that the instructions given by the court correctly submitted all the issues between the parties, and that the court was not in error in refusing to give the instructions requested by the defendant.

The jury was charged that with a finding for the plaintiff the verdict should be for $1,100 with 6% interest from a certain date, "or whatever sum as in your judgment the evidence in this case shows the plaintiff was entitled to receive as a reasonable and proper real estate commission, not to exceed $1100.00."

The verdict was for the plaintiff in the sum of $825.

The defendant complains of the clause in quote above, as being an instruction which permitted the jury to make a finding in quantum meruit when there was no proper proof or claim of right to a recovery on that theory. Attention is directed to the amount of the verdict as evidencing a finding by the jury on a basis of quantum meruit.

We note that the defendant in his testimony concerning his listing of his property for sale stated that the plaintiff had told him that his charges for selling farms was 5% of the selling price up to $10,000 and 2% of the selling price above $10,000. The application of these commission rates to the price of $22,000, for which the farm was sold, together with 6% interest on the product from the date of sale, might have been the basis of the jury's award. On the other hand, there was sufficient evidence to support a verdict for the full amount the plaintiff sued for and if the jury but chose to lighten the burden of the defendant, and gave but a part of the amount sued for, the defendant could have no cause to complain.

In the instruction containing the clause of which the defendant complains, the jury was charged that it must find by a fair preponderance of the evidence that the plaintiff has proven all the material allegations of his petition before the plaintiff would be entitled to a recovery, and that unless they so find, verdict should be for the defendant. The plaintiff's petition in its material substance is elsewhere stated in the court's instructions, and as so stated it declares alone on an expressed oral contract and complete performance thereof, and in no manner suggests any seeking of a recovery on

quantum meruit. It is thus apparent that the jury's finding for the plaintiff was a finding of a complete full performance of an express contract between the plaintiff and the defendant.

We do not perceive that the clause of the instruction of which the defendant complains had the effect of submitting an issue for a recovery on quantum meruit. It fairly submitted the issue of the amount plaintiff was entitled to recover under the evidence. The mere fact that under the instructions the jury awarded the plaintiff a lesser amount than he had sued for gives the defendant no cause to complain. Under all the circumstances of the case, and of the trial thereof, we are convinced that this clause in the instruction could not have resulted in any substantial prejudice to the defendant.

The judgment is affirmed.

HALLEY, V. C. J., and CORN, GIBSON, O'NEAL, and BINGAMAN, JJ., concur.